**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. JACKSON III, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | **FILED: APRIL 4, 2008** |
| BLITT & GAINES, PC, and | ) | **08CV1938          EDA** |
| CAVALRY PORTFOLIO | ) | **JUDGE DER-YEGHIAYAN** |
| SERVICES, LLC, | ) | **MAGISTRATE JUDGE BROWN** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Thomas A Jackson III, by his attorney, Jason G. Shanfield, brings this action to secure redress for the unlawful conduct of Defendants Blitt & Gaines, PC ("Blitt & Gaines") and Cavalry Portfolio Services, LLC ("Cavalry") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and state law.  Plaintiff states the following in support of his complaint:

## INTRODUCTION

1.     This is an action to seek recovery for Defendants' efforts to collect a judgment they knew or should have known Plaintiff and his wife, Marie Jackson, already paid, through false pretenses by submitting an affidavit signed by an attorney employee of Blitt & Gaines making material misrepresentations of fact to a state court in order to cause it to issue an order garnishing Plaintiff's wages.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff is an individual residing in Chicago, Illinois.

3.    Plaintiff is a consumer within the meaning of the FDCPA and the Illinois Collection Agency Act in that the alleged debt at issue was a line of credit obtained by Plaintiff and his wife for repairs to their former home.

4.    Defendant Blitt & Gaines is an Illinois professional corporation that maintains a registered agent for purposes of accepting service of process at 318 West Adams Street, Chicago, Illinois.

5.    Defendant Blitt & Gaines is a debt collector within the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, primarily by filing collection suits in Illinois state court.

6.    Defendant Cavalry is a Delaware limited liability company that maintains an agent for purposes of accepting service of process at 208 South LaSalle Street, Suite 814, Chicago, Illinois.

7.    Defendant Cavalry is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and the Illinois Collection Agency Act because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and purchases debts in default for the purpose of collecting upon them.

8.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO ALL CLAIMS

### THE GREENTREE/CONSECO JUDGMENT

10.     In the late-1980's, Mr. and Mrs. Jackson obtained a personal loan from Greentree Finance Company for approximately $9,000 for purposes of making repairs to their former home in Chicago.  Greentree Finance Company later became known as Conseco Finance Company and is referred to as Conseco throughout this Complaint.

11.     Financial circumstances beyond Mr. and Mrs. Jackson's control caused the Conseco loan to go into default at some point in the late 1990's.

12.     On September 26, 2002, Conseco, as successor to Greentree Finance Company filed suit against Mr. and Mrs. Jackson in the Circuit Court of Cook County, Illinois, seeking $6,581.96.  Conseco was initially represented by the Chicago law firm of Askounis and Borst, PC.

13.     Conseco obtained a judgment against Mr. and Mrs. Jackson for $6,581.96 on November 4, 2002.  **Exhibit A**.  The judgment order was prepared by Conseco's attorneys, Askounis & Borst, PC.

14.     On January 22, 2003, Conseco obtained from the Circuit Court of Cook County a Memorandum of Judgment.  **Exhibit B**.  The Memorandum of Judgment was also prepared by Conseco's attorneys, Askounis & Borst, PC.

15.     Conseco, through its attorneys, Askounis & Borst, recorded the Memorandum of Judgment with the Cook County Recorder of Deeds against Mr. and Mrs. Jackson on or about January 22, 2003.

**PLAINTIFF AND HIS WIFE PAY THE CONSECO**
**JUDGMENT IN FULL AND RECEIVE A SATISFACTION OF JUDGMENT**

16.    In the first several months of 2005, Mr. and Mrs. Jackson determined to sell their prior home and move to another residence in Chicago.

17.    In February 20005, Mr. and Mrs. Jackson paid $7,995.98 to Conseco in satisfaction of the judgment.  **Exhibit C**.  Conseco's attorneys, Askounis & Borst, prepared a Release (Satisfaction) of Judgment, which was recorded with the Cook County Recorder of Deeds on February 24, 2005.

**BLITT & GAINES AND CAVALRY FILE A FRIVOLOUS LAWSUIT**
**AGAINST PLAINTIFF AND HIS WIFE AND ARE PUT ON ACTUAL NOTICE**
**THAT PLAINTIFF AND HIS WIFE PAID THE CONSECO JUDGMENT AND DEBT**

18.    Plaintiff is uncertain whether it was before or after Plaintiff and his wife paid Conseco on the judgment, but Conseco apparently sold the alleged Conseco debt to some Cavalry entity, likely Cavalry SPV II, LLC, prior to July 2005.

19.    Cavalry SPV II, LLC's website indicates that it is a special purpose vehicle created by Cavalry Portfolio Services, LLC for the purpose of purchasing distressed debt that is then serviced by Cavalry Portfolio Services, LLC.

20,    On July 26, 2005 Cavalry SPV II, LLC filed suit against Mr. and Mrs. Jackson in the Circuit Court of Cook County, Case Number 2005 M1 150555, seeking to collect from Mr. and Mrs. Jackson $8,403.77 allegedly due on the same debt for which Conseco obtained the judgment that Mr. and Mrs. Jackson fully satisfied in Case Number 2002 M1 158419.

21.    Cavalry SPV II, LLC was represented in Case Number 2005 M1 150555 by Blitt & Gaines.

22.     On January 18, 2006, Mr. and Mrs. Jackson appeared in Court and filed an answer averring that they already satisfied the judgment for the debt upon which Blitt & Gaines sought to collect in Case Number 2005 M1 150555.

23.     On or about January 18, 2006, Mr. Jackson provided an attorney for Blitt & Gaines with a copy of the Release (Satisfaction) of Judgment he and his wife obtained in Case Number 2002 M1 158419.

24.     On January 19, 2006, an attorney for Blitt & Gaines better known to Defendant caused Case Number 2005 M1 150555 to be dismissed on the motion of Cavalry SPV II, LLC.

25.     Plaintiff does not presently seek to hold Blitt & Gaines or Cavalry liable for filing a frivolous lawsuit against him and his wife, Case Number 2005 M1 150555, but refers to Case Number 2005 M1 150555 to show that:

a.     Blitt & Gaines and Cavalry, as the "servicer" of the alleged debt upon which Cavalry SPV II, LLC sued in Case Number 2005 M1 150555 learned that Mr. and Mrs. Jackson paid the alleged Conseco Finance Company debt by the time Blitt & Gaines was engaged by Cavalry Portfolio Services, LLC to initiate frivolous garnishment proceedings against Plaintiff in Case Number 2002 M1 158419 by filing a false Affidavit for Wage Deduction Order in that case (**Exhibit D**);

b     Blitt & Gaines had no adequate procedure for determining whether a judgment was already entered and paid before initiating garnishment proceedings whether by checking its own files or the Recorder of Deeds.

**BLITT & GAINES SWEARS OUT A**
**FALSE AFFIDAVIT TO GARNISH PLAINTIFF'S WAGES AFTER IT**
<u>**KNEW OR SHOULD HAVE KNOWN PLAINTIFF ALREADY PAID THE JUDGMENT**</u>

26.     On or about January 11, 2008, Blitt & Gaines, through its employee Vani Vedam, an attorney debt collector, caused garnishment proceedings to be initiated against Mr. Jackson in Case Number 2002 M1 158419 by filing an Affidavit for Wage Deduction Order signed by Vani Vedam.  **Exhibit D**.

27.     The Affidavit for Wage Deduction Order prepared by Vani Vedam for Blitt & Gaines identified the new alleged plaintiff in Case Number 2002 M1 158419 as Cavalry Portfolio Services, LLC.  The subsequent Wage Deduction Summons (**Exhibit E**) and Wage Deduction Notice (**Exhibit F**) also identified the new alleged plaintiff in Case Number 2002 M1 158419 as Cavalry Portfolio Services, LLC.

28.     Cavalry was never granted leave to be substituted as party plaintiff in Case Number 2002 M1 158419, but on information and belief, does own the non-existent debt sued upon in 2005 M1 150555 and upon which it and Blitt & Gaines caused Mr. Jackson's wages to be garnished in 2002 M1 158419.

29     Vani Vedam's affidavit, sworn under penalty of perjury, contains a number of false allegations including:

        a.      That interest of $3,036.45 was due on the judgment, even though the judgment was already paid; and

        b.      That Plaintiff paid $0 prior to garnishment.

30.     The nature of the misrepresentations contained in the affidavit reflects that Blitt & Gaines knew or should have known Plaintiff already paid the judgment in Case Number 2005 M1 150555.

31.     Blitt & Gaines' conduct in initiating garnishment proceedings under these circumstances reflects that it continued to have no procedure in place to scrub its files for instances in which a judgment was already entered and paid whether by checking its own files or the Recorder of Deeds.

32.     As a consequence of Blitt & Gaines and Cavalry's deceptive and unlawful garnishment proceedings against Plaintiff, a portion of Plaintiff's wages are presently being withheld.

33.     On February 7, 2008, the return date of the Wage Deduction Summons Blitt & Gaines and Cavalry sent to Plaintiff's employer, Plaintiff appeared in state court and presented the Court with a copy of the satisfaction of judgment, **Exhibit C**.

34.     Neither Blitt & Gaines nor any other attorneys appeared on behalf of Cavalry on February 7, 2008.

34.     Judge Donnelly was presiding in Room 1401 of the Daley Center, the room in which post-judgment remedies are handled.  On the basis of Plaintiff presenting a satisfaction of judgment showing that he already paid off the judgment on which Blitt & Gaines and Cavalry were attempting to garnish Plaintiff's wages, Judge Donnelly hand drafted and entered an order (a) dismissing the wage garnishment and (b) sua sponte setting the case over to March 13, 2008 for a hearing on Rule 137 sanction against Blitt & Gaines and Cavalry.  **Exhibit G**.

35.     On March 13, 2008, neither Blitt & Gaines nor Cavalry appeared to respond to the Court's sua sponte motion for sanctions.  The Court's sua sponte motion for sanctions was continued until April 3, 2008, at which time neither Blitt & Gaines nor Cavalry failed to appear yet again.  The Court's sua sponte motion for Rule 137 sanctions is still pending as of the drafting of this Complaint.

36.     By order of February 7, 2008 and March 13, 2008 (**Exhibit H**), Mr. Jackson's employer was ordered to immediately return all wages withheld.  Notwithstanding, as of the drafting of this Complaint, those wages have not been returned.

37.     Were it not for Blitt & Gaines and Cavalry's unlawful conduct in swearing out a false garnishment affidavit and pursuing objectively frivolous garnishment proceedings, Mr. Jackson would not have been deprived of his wages in the first place.

38.     Blitt & Gaines is answerable for the conduct of Veni Vedam, who at all relevant times was acting within the scope of her employment for the benefit of Blitt & Gaines and Cavalry.

39.     Cavalry is answerable for the conduct of Blitt & Gaines, which at all relevant times was acting within the scope of its agency for the benefit of Cavalry.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692, et seq.
### (against Blitt & Gaines)

40.     Plaintiff incorporates paragraphs 1 through 33.

41.     Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**

**(2) The false representation of—**

> **(A) the character, amount, or legal status of any debt; or**

**…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

42.    Blitt & Gaines engaged in deceptive conduct in violation of 15 U.S.C. §§ 1692e(2), e(5), and e(10) by employing deceptive means to collect a debt Plaintiff did not owe, specifically by:

a.    Misrepresenting that Plaintiff and his wife owed money on the alleged debt;

b.    Misrepresenting the legal status of the alleged debt as unpaid;

c.    Misrepresenting Calvary to be the Plaintiff in Case Number 2002 M1 158419;

d.    Misrepresenting the legal status of the judgment in Case Number 2002 M1 158419 as unpaid to Plaintiff, his wife, and his employer;

e.    Threatening to and actually continuing frivolous litigation calculated to obtain amounts Plaintiff and his wife did not owe; and

f.    Threatening to and actually causing Plaintiff's wages to be garnished by swearing out a false affidavit.

43.    Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**…**

44. Blitt & Gaines violated 15 U.S.C. § 1692e(8) by communicating with Plaintiff's employer regarding his non-existent debt, which information Blitt & Gaines knew or should have known was false and disputed.

45. Section 1692f of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

46. Blitt & Gaines engaged in unfair conduct in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt Plaintiff did not owe under any agreement or as permitted by law.

47. Plaintiff has suffered emotional distress, aggravation, upset, and actual economic damages as a direct and proximate result of Blitt & Gaines' violations.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Blitt & Gaines, PC for:

a. Actual damages in an amount to be proven at trial;

b. Statutory damages under 15 U.S.C. § 1692k.

c. Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

d. Such other and further relief as the Court deems appropriate.

## COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### (against Blitt & Gaines)

48. Plaintiff incorporates paragraphs 1 through 33.

49. Defendant Blitt & Gaines intentionally interfered with Plaintiff's solitude, seclusion, private affairs, and employment relationship by engaging in the highly offensive conduct described above by initiating frivolous garnishment proceedings based on false affidavits and misrepresentations of fact, and communicating objective and unprivileged falsehoods to Plaintiff's employer in order to involuntarily deprive Plaintiff of his wages to pay a judgment that Blitt & Gaines knew or should have known was already paid and released.

50. Plaintiff had a reasonable expectation to be free of Blitt & Gaines' highly offensive intrusion into his private affairs, solitude, seclusion, and relationship with his employer.

51. A reasonable person in Plaintiff's position would find Blitt & Gaines' aggressive debt collection conduct in pursuing garnishment proceedings and swearing out a false affidavit where it knew or should have known that Plaintiff did not owe what it claimed to be highly offensive.

52. A reasonable person in Plaintiff's position would find Blitt & Gaines' untoward interjection into his private affairs and relationship with his employer to be highly offensive.

53. As a direct and proximate result of Blitt & Gaines' misconduct, Plaintiff has suffered a savage intrusion upon his personal seclusion, as well as emotional distress, aggravation, actual economic damages, and inconvenience.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Blitt & Gaines, PC for:

a. Actual damages in an amount to be proven at trial;

b. Litigation expenses and costs; and

c. Such other and further relief as the Court deems appropriate.

### COUNT III – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
**(against Cavalry Portfolio Services, LLC)**

54.    Plaintiff incorporates paragraphs 1 through 33.

55.    Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or**
**…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
**…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

56.    Cavalry engaged in deceptive conduct in violation of 15 U.S.C. §§ 1692e(2), e(5), and e(10) by employing deceptive means to collect a debt Plaintiff did not owe, specifically by:

a.    Misrepresenting that Plaintiff and his wife owed money on the alleged debt;

b.    Misrepresenting the legal status of the alleged debt as unpaid;

c.    Misrepresenting itself to be the plaintiff in Case Number 2002 M1 158419;

d.    Misrepresenting the legal status of the judgment in Case Number 2002 M1 158419 as unpaid to Plaintiff, his wife, and his employer;

e.    Threatening to and actually continuing frivolous litigation calculated to obtain amounts Plaintiff and his wife did not owe; and

12

f.      Threatening to and actually causing Plaintiff's wages to be garnished predicated on a false affidavit.

57.    Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**…**

58.    Cavalry violated 15 U.S.C. § 1692e(8) by communicating with Plaintiff's employer regarding his non-existent debt, which information it and Blitt & Gaines knew or should have known was false and disputed.

59.    Section 1692f of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

60.    Cavalry engaged in unfair conduct in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt Plaintiff did not owe under any agreement or as permitted by law.

61.    Plaintiff has suffered emotional distress, aggravation, upset, and actual economic damages as a direct and proximate result of Cavalry' violations.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Cavalry Portfolio Services, LLC for:

a.  Actual damages in an amount to be proven at trial;

b.  Statutory damages under 15 U.S.C. § 1692k.

c.  Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

d.  Such other and further relief as the Court deems appropriate.

### COUNT IV –ILLINOIS COLLECTION AGENCY ACT
**(against Cavalry Portfolio Services, LLC)**

62.  Plaintiff incorporates paragraphs 1 through 33.

63.  The Illinois Collection Agency Act, 225 ILCS § 425(9)(a), provides in relevant part:

**Sec. 9. (a) The Department may refuse to issue or renew, or may revoke, suspend, place on probation, reprimand or take other disciplinary action as the Department may deem proper, including fines not to exceed $5,000 for a first violation and not to exceed $10,000 for a second or subsequent violation, for any one or any combination of the following causes:**

**(1) Violations of this Act or of the rules promulgated hereunder.**

**…**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

**(18) Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt.**

**…**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**…**

**(26) Misrepresenting the amount of the claim or debt alleged to be owed.**

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.**

**…**

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee.**

**…**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

64.    Cavalry violated 225 ILCS § 425/9(a)(17) by disclosing the alleged debt to Plaintiff's employer having invoked the state court's jurisdiction under false pretenses and where Plaintiff's employer had no business need for Cavalry's false information.

65.    Cavalry violated 225 ILCS § 425/9(a)(18) by disclosing the alleged debt to Plaintiff's employer without disclosing that it was reasonably disputed.

66.    Cavalry violated 225 ILCS § 425/9(a)(20) by threatening to and attempting to garnish Plaintiff's wages with knowledge and/or reason to know no such remedy existed.

67.    Cavalry violated 225 ILCS § 425/9(a)(26) by misrepresenting that Mr. and Mrs. Jackson owed the alleged debt.

68.    Cavalry violated 225 ILCS § 425/9(a)(27) and (29) by misrepresenting that interest and costs were payable on a judgment that Plaintiff and his wife already paid.

69.    Cavalry violated 225 ILCS § 425/9(a)(31) by engaging in dishonorable, unethical, and unprofessional conduct likely to deceive, defraud, or harm the public.

70.    The Illinois Collection Agency Act provides a private right of action for actual and punitive damages.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

71.    As a direct and proximate result of Defendant Cavalry's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, actual economic damages, and inconvenience.

72.    Defendant Calvary's conduct in, among other things, initiating garnishment proceedings against Plaintiff under circumstances where it knew or should have known Plaintiff and his wife already paid the judgment, was committed willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Portfolio Recovery Services, LLC for:

      a.    Actual damages in an amount to be proven at trial;

      b.    Punitive damages;

      c.    Litigation expenses and costs; and

      d.    Such other and further relief as the Court deems appropriate.

## COUNT V –ILLINOIS CONSUMER FRAUD ACT
### (against Cavalry Portfolio Services, LLC)

73.    Plaintiff incorporates paragraphs 1 through 33.

74.    Defendant Cavalry's conduct in, among other things, willfully or recklessly ignoring that Plaintiff paid the Conseco judgment, initiating frivolous garnishment proceedings predicated on a false affidavit resulting in Plaintiff being deprived of his wages, communicating

objectively false statements of fact to Plaintiff's employer, constitutes deceptive and unfair acts or practices in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/2, et seq.

75.    Cavalry intended that Plaintiff would rely on its deceptive conduct by being cowed and induced into allowing Cavalry through to take his wages to satisfy a judgment he already paid through the force of judicial proceedings invoked under false pretenses.

76.    Cavalry's conduct occurred in the course of trade and commerce, namely its attempts to collect an alleged consumer debt.

77.    Cavalry's conduct, as stated above, also constitutes unfair conduct in violation of the ICFA in that:

a.    All of the above described conduct offends the public policy of the United States as stated in the Fair Debt Collection Practices Act, and the public policy of the State of Illinois as stated in the Illinois Collection Agency Act, and the common law against engaging in such conduct;

b.    Such conduct is immoral, unethical, oppressive, and unscrupulous; and

c.    Such conduct caused Plaintiff substantial injury, including emotional distress, aggravation, upset, and actual economic damages, and is of the kind of conduct that causes substantial injury to consumers in general.

78.    As a direct and proximate result of Defendant Cavalry's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, actual economic damages, and inconvenience.

79.    Cavalry's conduct toward Plaintiff was committed willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Cavalry Portfolio Services, LLC for:

      a.      Actual damages in an amount to be proven at trial;

      b.      Punitive damages;

      c.      Attorneys' fees, litigation expenses, and costs pursuant to 815 ILCS § 505/10ac; and

      d.      Such other and further relief as the Court deems appropriate.

## COUNT VI – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### (against Cavalry Portfolio Services, LLC)

80.      Plaintiff incorporates paragraphs 1 through 33.

81.      Defendant Cavalry intentionally interfered with Plaintiff's solitude, seclusion, private affairs, and employment relationship by engaging in the highly offensive conduct described above by initiating frivolous garnishment proceedings based on false affidavits and misrepresentations of fact, and communicating objective and unprivileged falsehoods to Plaintiff's employer in order to involuntarily deprive Plaintiff of his wages to pay a judgment that Cavalry knew or should have known was already paid and released.

82.      Plaintiff had a reasonable expectation to be free of Cavalry's highly offensive intrusion into his private affairs, solitude, seclusion, and relationship with his employer.

83.      A reasonable person in Plaintiff's position would find Cavalry's aggressive debt collection conduct in pursuing garnishment proceedings and swearing out a false affidavit where it knew or should have known Plaintiff did not owe what it claimed to be highly offensive.

84.      A reasonable person in Plaintiff's position would find Cavalry's untoward interjection into his private affairs and relationship with his employer to be highly offensive.

85.     As a direct and proximate result of Cavalry's misconduct, Plaintiff has suffered a savage intrusion upon his personal seclusion, as well as emotional distress, aggravation, and inconvenience.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Thomas A. Jackson III and against Defendant Cavalry Portfolio Services, LLC for:

    a.     Actual damages in an amount to be proven at trial;

    b.     Litigation expenses and costs; and

    c.     Such other and further relief as the Court deems appropriate.

DATED:     April 4, 2008

THOMAS A. JACKSON III

_____
One of his attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

# Exhibit A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| CONSECO FINANCE CORP., f/k/a GREEN TREE FINANCIAL CORP f/k/a GREEN TREE ACCEPTANCE, INC. | ) ) ) ) | Case No. 02 M1 158419 |
| Plaintiff | ) ) | |
| v. | ) ) | |
| THOMAS A. JACKSON and MARIE A. JACKSON | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This cause coming to be heard on the DPS call, the court being fully advised of the premises and having jurisdiction over the parties and subject matter,

IT IS HEREBY ORDERED that the defendantS THOMAS A. JACKSON and MARIE A. JACKSON are in default for failing to appear, answer, or otherwise plead;

IT IS FURTHER ORDERED THAT an Ex Parte Judgement by Default is entered in favor of CONSECO FINANCE CORP., f/k/a GREEN TREE FINANCIAL CORP f/k/a GREEN TREE ACCEPTANCE, INC. and against THOMAS A. JACKSON and MARIE A. JACKSON, jointly and severally, in the amount of $6,581.96.

ENTER: _____
Judge of the Circuit Court

Daniel L. Collins, Esq.
Askounis & Borst, P.C.
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
312/861-7100
Attorney for Plaintiff
Firm ID# 29833
U:\CBlock\Secured Legal\Jackson, Thomas and Marie\Pleadings\Order.dps.2053.9096.wpd

ENTERED
ASSOC. JUDGE WAYNE D. RHINE
NOV 0 4 2002
Circuit Court-540

# Exhibit B

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

CONSECO FINANCE CORP., fka
GREEN TREE FINANCIAL CORP.
fka GREEN TREE ACCEPTANCE,
INC.

v.

THOMAS A. JACKSON and
MARIE A. JACKSON

Recorder's Stamp

No. __02 M1 158419__

MEMORANDUM OF JUDGMENT

On _____November 4_____, __2002__, judgment was entered in this court

in favor of the plaintiff ____CONSECO FINANCE CORP., fka GREEN TREE FINANCIAL CORP. fka GREEN TREE ACCEPTANCE, INC.__

and against defendant ____THOMAS A. JACKSON__

whose address is ____6541 South Sangamon Street, Chicago, Illinois 60621__

in the amount of $__6,581.96__.

_____
Judge          Judge's No.

JUDGE SUSAN J. McDUNN

JAN 2 2 2003

Circuit Court • 1620

Atty.No.: __29833__
Name: __Daniel L. Collins, Esq./Askounis & Borst, P.C.__
Atty.for: __Plaintiff__
Address: __303 East Wacker Drive, Suite 1000__
City/Zip: __Chicago, Illinois 60601__
Telephone: __312/861-7100__

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2053.09096

# Exhibit C

3308      (Rev. 7/30/01) CCG 0008
Release (Satisfaction) of Judgment



Doc#:   0505527067
Eugene "Gene" Moore   Fee: $26.50
Cook County Recorder of Deeds
Date: 02/24/2005 10:57 AM  Pg: 1 of 1

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

CONSECO FINANCE
SERVICING

v.

THOMAS JACKSON and
MARIE JACKSON

Recorder's Stamp

No.  02M1 158419

## RELEASE (SATISFACTION) OF JUDGMENT

Conseco Finance Servicing                          , the  Judgment Creditor
                                                          (Judgment creditor)          (Assignee of record)

                                                               , having received full satisfaction

                    (Legal representative)

and payment, releases the judgment entered on  November 4                          , 2002

against defendant  Thomas Jackson and Marie Jackson                                      for

$ 7,995.98                   and costs.

8027 S. Dante Ave., Chicago, IL 60619
              (Address of judgment debtor)

Atty. No.: 29833
Name: Askounis & Borst, P.C.
Atty. for: Plaintiff
Address: 303 E. Wacker Dr., Suite 1000
City/State/Zip: Chicago, IL 60601
Telephone: 312-861-7100

Approved:

                    Attorney of record

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# Exhibit D

5

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CIVIL DEPARTMENT/FIRST DISTRICT

05-12476-0

CAVALRY PORTFOLIO SERVICES, LLC

Plaintiff

v.

THOMAS A JACKSON   SS# XXX-XX-6738
Defendant

and

UNITED PARCEL SERVICE
Employer

No.    02 M1  158419

Return Date **February 7, 2008**
(21 to 40 days after date of
issuance of summons)

## AFFIDAVIT FOR WAGE DEDUCTION ORDER

The undersigned attorney on oath states:

1.     I believe employer United Parcel Service is indebted to the judgment debtor Thomas A Jackson
for wages due or to become due.  Employer's Address is:  **United Parcel Service, C/O IL Corp. Service Co., 801
Adlai Stevenson Dr., Springfield, IL, 62703.**

2.     The last known address of the judgment debtor is:  8027 South Dante Ave, Chicago, Illinois  60619

I request that a summon issue directed to employer and I certify that a copy of the wage deduction notice was mailed
to judgment debtor at his/her last known address prior to filing of this wage deduction proceeding.

Vani Vedam - Attorney for Judgment Creditor

| | |
|---|---|
| Name | Blitt and Gaines, P.C. |
| Attorney | for Plaintiff |
| Address | 661 Glenn Avenue |
| City | Wheeling, IL 60090 |
| Telephone | (847)403-4900 |
| Fax | (312) 920-0625 |
| Atty No. | 32887 |

Signed and sworn to before me  12/21/07

Notary Public
( Under penalties as provided by law pursuant
to 735 ILCS 5/1-109 the affiant certifies that
the statements set forth herein are true and correct.)

Official Seal
Ronda Affranch
Notary Public State of Illinois
My Commission Expires 07/07/2010

## CERTIFICATE OF ATTORNEY

Note:  Non-Attorneys must also submit a copy of the underlying judgment or certification by the clerk of the court
that entered the judgment.

I, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the
following information is true:

| | | |
|---|---|---:|
| 1. Judgment in the above captioned case was entered on | | November 4, 2002 |
| 2. The amount of Judgment | $ | 6,581.96 |
| 3. Allowable Costs previously expended: | | |
| a. Initial filing fee | $ | 0.00 |
| b. Original and alias summons | $ | 0.00 |
| c. Filing and summons cost of prior supplementary proceedings | $ | 0.00 |
| 4. Filing and summons costs for this garnishment | $ | 110.00 |
| 5. Interest due on Judgment | $ | 3,036.45 |
| Total | $ | 9,728.41 |
| DEDUCT: Total amount paid by or on behalf of judgment debtor prior to garnishment | $ | 0.00 |
| BALANCE DUE JUDGMENT CREDITOR | $ | 9,728.41 |

Vani Vedam - Attorney for Judgment Creditor

This is an attempt to collect a debt and any information will be used for that purpose.

(Rev. 6/06/07) CCM 0050 B

| | Court Date: _____ |
|---|---|
| Employer/Agent: _____ | |
| Defendant's Name: _____ | S.S. No. XXX-XX-_____ Case No.: _____ |
| Defendant's Address: _____ | |

## CERTIFICATION OF MAILING BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that s/he mailed by regular first-class mail a copy of the wage deduction notice to Defendant at the address shown above on

*January 7 2008*

Signature: _____     Name: *VANI VEDAM*

## INTERROGATORIES/ANSWER TO WAGE DEDUCTIONS PROCEEDINGS

*Do you pay any money to the Defendant listed above?* ☐ Yes ☐ No   If terminated, date _____ , _____

### IF YOUR ANSWER IS "NO," GO TO "INSTRUCTIONS" BELOW

Are any funds paid to the debtor subject to or for:
☐ Prior court ordered deduction (including child/spouse support) Case Number, State, County _____ ).
☐ Disability ☐ Retirement ☐ Otherwise exempt (Describe _____

## CALCULATION TO DETERMINE AMOUNT OF WITHHOLDING
(Note: If income varies, withholding must be recalculated for every pay period.)

Do you pay debtor: ☐ Every week ☐ Every two weeks ☐ Semi-monthly ☐ Monthly ☐ Other _____

(A) Gross wages per paycheck minus mandatory contributions to pensions or retirement plan    (A) _____

(B) 15% of (A) =    (B) _____

(C) Enter total FICA, State Tax, Federal Tax and Medicare    (C) _____

(D) Subtract (C) from (A) =    (D) _____

(E) If debtor is paid every week, enter $337.50
    If debtor is paid every two weeks, enter $675.00
    If debtor is paid semi-monthly, enter $731.25
    If debtor is paid monthly, enter $1,462.50
    If other, multiply 45 times state minimum wage (currently $7.50) times number of weeks in pay period    (E) _____

(F) Subtract (E) from (D) *(Enclose a negative number in parentheses, e.g., ($50.00))*    (F) _____
    *IF LINE "F" IS ZERO OR A NEGATIVE NUMBER, WITHHOLD NO WAGES GO TO "INSTRUCTIONS" BELOW*

(G) Enter the LESSER of Line (B) or (F)    (G) _____

(H) Enter Child Support or other Court Ordered Deduction    (H) _____

(I) Subtract (H) from (G) *(Enclose a negative number in parentheses, e.g., ($50.00))*    (I) _____
    *LINE "I" MUST BE WITHHELD AS OF THE DATE OF SERVICE AND HELD UNTIL FURTHER COURT ORDER*
    *IF LINE "I" IS ZERO OR A NEGATIVE NUMBER, WITHHOLD NO WAGES, GO TO "INSTRUCTIONS" BELOW*

(J) Subtract Employer's One-Time Statutory Fee (the greater of $12.00 or 2% of the amount on line "I". See 735 ILCS 5/12-814) (J) _____

(K) Amount to be applied to Judgment    (K) _____

## INSTRUCTIONS

1. Fill out and sign the certification below.
2. Fax or mail a copy of this *Answer* to the Court and Plaintiff's attorney and give a copy to the Defendant. If filing in the First Municipal District, you may fax it to (312) 603-6522 or mail it to the Clerk of the Court, Richard J. Daley Center, 50 West Washington Street, Room 602, Chicago, Illinois 60602.
   To assure timely processing, the *Answer* should be received at least three days before the Court Date.
3. You will receive a copy of a Court Order by fax or mail instructing you how to proceed and where to send any withheld funds.

## EMPLOYER CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct and that I have either mailed or hand delivered a copy of this completed Interrogatories/Answer to the Defendant.

Date: _____     Telephone: _____

Signature of Employer/Agent: _____     Fax: _____

Print full name clearly: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Exhibit E

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Municipal Department, First District
Returnable in Room No. 602
Case will be Tried in Room No. 1401-At 11:00 A.M. Sharp
Richard J. Daley Center

2/24
1-22

No.   02 M1 158419

CAVALRY PORTFOLIO SERVICES, LLC

             Plaintiff

       v.

THOMAS A JACKSON
             Defendant
                    and

United Parcel Service
             Respondent

**Address of Employer**
**United Parcel Service**
C/O IL Corp. Service Co.
801 Adlai Stevenson Dr.
Springfield, IL  62703

FILED-CV
DOROTHY BROWN CLERK
2008 JAN 30 AM 9:01

### WAGE DEDUCTIONS SUMMONS

**\*To the Employer:**

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories, in the office of this court, Room 602, Richard J. Daley Center, Illinois on or before **February 7, 2008** (21-40 days after issuance of summons).  However, if this summons is served on you less than 3 days before that date, you must file answers to the interrogatories on or before a new return date, to be set by the court, not less than 21 days after you were served with this summons.

**THIS  PROCEEDING APPLIES TO NON-EXEMPT WAGES DUE AT THE TIME YOU WERE SERVED WITH THIS SUMMONS AND TO WAGES WHICH BECOME DUE UNTIL THE BALANCE DUE ON THE JUDGMENT IS PAID.**

**IF YOU FAIL TO ANSWER, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.**

FEDERAL AGENCY EMPLOYERS:  Effective upon service of this summons and pursuant to 5 USC 552 (a), you are to commence to pay over deducted wages to the attorney for the judgment creditor in accordance with 735 ILCS 5/12-808.

To the officer:

...............med by the officer or other person to whom it was given for service, with endorsement of ..............service cannot be made, this summons shall be returned so

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

United Parcel Service
C/O Illinois Corporate Service Company
801 Adlai Stevenson Dr
Springfield IL 62703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Tom Jarvis_               ☐ Agent
                                 ☐ Addressee
B. Received by ( Printed Name)      C. Date of Delivery
                                        1-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)
   7007 2680 0000 7349 7642

PS Form 3811, February 2004                Domestic Return Receipt

...of Court

...er on copy left
person.)

UPS ... JAN 2 2008

...enter on the return day unless

...for that purpose.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Municipal Department, First District
Returnable in Room No. 602
Case will be Tried in Room No. 1401-At 11:00 A.M. Sharp
Richard J. Daley Center
No.   02 M1 158419

*2/24*
*1-22*

CAVALRY PORTFOLIO SERVICES, LLC

      Plaintiff

      v.

THOMAS A JACKSON
      Defendant
        and

United Parcel Service
      Respondent

**Address of Employer**
United Parcel Service
C/O IL Corp. Service Co.
801 Adlai Stevenson Dr.
Springfield, IL  62703

DOROTHY BROWN   CLERK

2008 JAN 30  AM 9: 01

FILED-CV
CLERK OF THE CIRCUIT COURT
COOK COUNTY ILLINOIS MUNI DIVISION

### WAGE DEDUCTIONS SUMMONS

*To the Employer:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories, in the office of this court, Room 602, Richard J. Daley Center, Illinois on or before **February 7, 2008** (21-40 days after issuance of summons). However, if this summons is served on you less than 3 days before that date, you must file answers to the interrogatories on or before a new return date, to be set by the court, not less than 21 days after you were served with this summons.

**THIS PROCEEDING APPLIES TO NON-EXEMPT WAGES DUE AT THE TIME YOU WERE SERVED WITH THIS SUMMONS AND TO WAGES WHICH BECOME DUE UNTIL THE BALANCE DUE ON THE JUDGMENT IS PAID.**

**IF YOU FAIL TO ANSWER, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.**

FEDERAL AGENCY EMPLOYERS: Effective upon service of this summons and pursuant to 5 USC 552 (a), you are to commence to pay over deducted wages to the attorney for the judgment creditor in accordance with 735 ILCS 5/12-808.

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than the above date.

| | | |
|---|---|---|
| Name | Blitt and Gaines, P.C. | WITNESS_____,20__ |
| Attorney for | the Plaintiff | |
| Address | 661 Glenn Avenue | _____ |
| City | Wheeling, IL 60090 | Dorothy Brown, Clerk of Court |
| Telephone | (847) 403-4900 | Date of Service |
| Fax | (312) 920-0625 | (To be inserted by officer on copy left |
| Atty. No. | 32887 | with employer or other person.) |

05-12476-0

DOROTHY BROWN   JAN 1 1 2008

**Service by facsimile Transmission will be accepted at:

### NOTICE

*Proceedings for deduction orders are disposed of in Room 1401, Richard J. Daley Center on the return day unless otherwise ordered by the Court.

    This is an attempt to collect a debt and any information will be used for that purpose.

# Exhibit F

### IN THE CIRCUIT COURT, COOK COUNTY ILLINOIS
### MUNICIPAL DEPARTMENT ROOM 602
### Richard J. Daley Center, Chicago, 60602

### WAGE DEDUCTION NOTICE

CAVALRY PORTFOLIO SERVICES, LLC
**Judgment Creditor**                          No. 02 M1 0158419

v.

THOMAS A JACKSON
**Judgment Debtor**       (Summons Return Date) **February 7, 2008**

| **Judgment Debtor's** | **Judgment Creditor/Creditor's Attorney** |
|---|---|
| Name    Thomas A Jackson | Name  Blitt and Gaines, P.C. |
| Address   8027 South Dante Ave | Address 661 Glenn Avenue |
| City     Chicago, Illinois 60619 | City  Wheeling, IL 60090 |
| Phone | Atty No.   32887 |

Judgment in the Amount of $ 6,581.96     Plus Costs.     Balance Due  9,728.41

Employer  United Parcel Service

Notice:  The court shall be asked to issue a wage deduction summons against the employer named above for wages due or about to become due to you.  The wage deduction summons may be issued on the basis of a judgment against you in favor of the judgment creditor in the amount stated above.

The amount of wages that may be deducted is limited by Federal and Illinois law.

(1)    Under Illinois Law, the amount of wages that may be deducted is limited to the lesser of (I) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage.

(2)    Under Federal law, the amount of wages that may be deducted is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.

(3)    Pension and retirement benefits and refunds may be claimed as exempt from wage deductions under Illinois law.

You have the right to request a hearing before the court to dispute the wage deduction because the wages are exempt.  To obtain a hearing you must appear in the office of the Clerk of the Circuit Court, Daley Center, Room 601, Chicago, Illinois 60602  before the summons return date, or on the return date as specified on the summons, before 11:00 a.m.  The Clerk of the Court will assign a hearing date, and provide forms which must be prepared, by you or your attorney, a copy of which must be sent to the judgment creditor and the employer or their attorney.
            This is an attempt to collect a debt and any information will be used for that purpose.

08CV1938                    EDA
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE BROWN

# Exhibit G

Order

CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Conseco Finance

v.

No. 02M1158419

Thomas Jackson
Maria Jackson
UPS

**ORDER**

On the return date of the wage garnishment plaintiff failing to appear, defendant appears and produces a signed release of judgment. Therefore the court dismisses the wage garnishment, orders W.P.S. to return all money to defendant. Additionally the court sets the case for a Rule 137 sanction hearing on its own motion for March 18, 2008 at 930. Clerk to mail copy of the order to all parties of record

Atty. No.:

Name:

Atty. for:

Address:

City/State/Zip:

Telephone:

**ENTERED:**

Dated:

Assoc. Judge Thomas M. Donnelly

FEB 07

Judge

Judge's No.

Circuit Court - 1803

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Exhibit H

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Conseco Finance Company

v.

Thomas Jackson and
Marie Jackson

No. 02 M1 158719

### ORDER

This matter coming before the court on its sua sponte motion for Rule 137 sanctions, consel for defendant's present, it is ordered:

(1) The wage deduction order having been dismissed on February 7, 2008, all garnishment of defendant Thomas Jackson's wages to stop immediately and all funds garnished or otherwise withheld pursuant to any prior garnishment order are to be returned to Thomas Jackson on or before March 21, 2008; and

(2) The court's Rule 137 motion is set for status on April 3, 2008 in room 1401 - all parties to appear.

Atty. No.: 42714

Name: Shanfield Law Firm, Ltd.

Atty. for: defendants

Address: 833 N. Hoyne

City/State/Zip: Chicago, IL 60622

Telephone: (312) 638-0814

ENTERED:    Judge Michael B. Hyman

MAR 13 2008

Dated: Circuit Court - 1921,                    

Judge                                Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**