IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. JACKSON III, | ) | |
| | ) | |
| Plaintiff, | ) | No.     08 CV 1938 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan |
| | ) | Magistrate Judge Brown |
| BLITT & GAINES, PC, and | ) | |
| CAVALRY PORTFOLIO | ) | |
| SERVICES, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

1.      Plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and state law for Defendants' allegedly deceptive and unfair conduct in misrepresenting that Plaintiff owed a state court judgment he had already paid, and for their conduct in filing and continuing garnishment proceedings initiated by a false affidavit sworn out by an attorney employee of Defendant Blitt & Gaines to collect the state court judgment, which Plaintiff alleges both Defendants knew or should have known was already paid.  Neither Defendant asserts counterclaims.  Defendants deny that they violated the FDCPA or state law in connection with any of their collection efforts.

2.      As to Counts I and III, brought under the Fair Debt Collection Practices Act against Defendants Blitt & Gaines and Cavalry, Plaintiff seeks statutory damages up to $1,000 and actual damages pursuant to 15 U.S.C. § 1692k.  Plaintiff contends that the amount of such damages is the amount a jury would award Plaintiff for his injuries and is not readily susceptible of calculation.  Defendants believe that Plaintiff should be able to articulate the actual damages he is seeking and have requested a settlement demand from Plaintiff but have not received a settlement demand.  Plaintiff also seeks attorneys' fees and costs pursuant to 15 U.S.C. § 1692k

as to both Counts I and III. As to Count II and VI (Invasion of Privacy by Intrusion Upon Seclusion) against Defendants Blitt & Gaines and Cavalry, Plaintiff seeks actual damages in an amount to be awarded by a jury and contends that such damages are not readily susceptible of calculation. Defendants believe that Plaintiff should be able to articulate the actual damages he is seeking and have requested a settlement demand from Plaintiff but have not yet received a settlement demand. As to Counts IV (Illinois Collection Agency Act) and V (Illinois Consumer Fraud Act) against Defendant Cavalry, Plaintiff seeks actual damages in an amount a jury would award for his injuries, which are not readily susceptible of calculation, punitive damages in an amount sufficient to punish Cavalry for its allegedly intentional misconduct and deter similar misconduct by other debt collectors. Defendant Cavalry believes that Plaintiff should be able to articulate the damages he is seeking and have requested a settlement demand from Plaintiff but have not yet received a settlement demand. Plaintiff also seeks attorneys' fees and costs pursuant to 815 ILCS § 505/10a(c) as to Count V.

3.   All parties have been served and have appeared before the Court.

4.   Principal Legal Issues:

Whether Defendants' conduct in filing an allegedly materially false affidavit to initiate garnishment proceedings against Plaintiff for a judgment he already paid, and then allegedly continuing to cause his paycheck to be garnished after being ordered by the state court to stop establish violations of the FDCPA, the state law tort of Intrusion Upon Seclusion, the Illinois Collection Agency Act, and the Illinois Consumer Fraud Act;

The nature and extent of similar misconduct by Defendants;

Whether Plaintiff can establish actual damages; and

Whether Cavalry is liable for punitive damages under state law.

5. Principal Factual Issues:

Whether at the time Defendant Blitt & Gaines' attorney employee, Vani Vedam, swore out a garnishment affidavit, Plaintiff had paid $0 on the state court judgment and interest in the amount of $3,036.45 was due on the state court judgment;

Whether at the time Defendant Blitt & Gaines initiated garnishment proceedings against Plaintiff, Defendants were on notice that Plaintiff already paid the state court judgment upon which they were attempting to collect by garnishment;

What policies, practices, and procedures Defendants maintain to learn what payments have been made on state court judgments prior to initiating garnishment proceedings;

What policies, practices, and procedures Defendants maintain to ensure that wrongly garnished funds are promptly returned to alleged debtors;

Whether Defendants initiated garnishment proceedings in the state court lawsuit on the basis of the misrepresentation of fact that Plaintiff was liable for the state court judgment;

Whether Defendants violated the FDCPA;

Whether Defendants intruded upon Plaintiff's right of seclusion by interjected themselves into his relationship with his employer;

Whether Cavalry violated the Illinois Collection Agency and Illinois Consumer Fraud Acts;

Whether and the extent to which Defendants have engaged in similar deceptive debt collection conduct; and

The nature and extent of Plaintiff's alleged damages.

6. There are currently no pending motions.

7. No discovery has been conducted to date.

8. Plaintiff anticipates conducting written discovery and taking several depositions of Blitt & Gaines' and Cavalry's employees. Plaintiff anticipates conducting written discovery and taking several depositions to establish Cavalry's pattern and practice of failing to conduct an adequate investigation of whether a consumer continues to owe a judgment upon which Cavalry is attempting to collect. Plaintiff may conduct expert discovery as to the standard of care required of attorneys and collection agencies to determine whether a judgment has been paid in advance of initiating garnishment proceedings and for conducting themselves once evidence of prior payment is presented after initiation of garnishment proceedings. Defendants anticipate conducting written discovery and taking Plaintiff's deposition.

9.

  a. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by June 19, 2008;

  b. Fact discovery to be commenced in time to be completed by October 3, 2008;

  c. Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by November 24, 2008;

    from Defendant by December 15, 2008;

  d. Dispositive motions to be filed by January 5, 2009; and

  e. Final pretrial order to be filed jointly by February 2, 2009.

10. The parties believe they would be able to try the case in approximately 240 days.

11. Plaintiff believes trial would last approximately 5 days. Defendants believe that a trial would last approximately 2-3 days.

12. Plaintiff requests jury trial of all claims so triable.

13. Plaintiff's counsel discussed potential resolution of the case extensively as against both Defendants with Fred N. Blitt of Defendant Blitt & Gaines prior to Hinshaw & Culbertson's

engagement to represent both Defendants. Plaintiff's counsel does not believe the case can be resolved without discovery into Defendants' knowledge of Plaintiff's payment of the state court judgment prior to their conduct in causing his wages to be garnished and procedures for determining the same, given the nature of the misconduct alleged and Plaintiff's substantial alleged damages.

Defendants have requested a settlement demand from Plaintiff's counsel but have not received one nor has there been any indication that a settlement demand is forth coming. Regarding the counts of Plaintiff's Complaint brought under the Fair Debt Collection Practices Act, Defendants are willing to stipulate that if a violation or violations are found and Defendants are not found to have a *bona fide* error defense to those violations, that Plaintiff is entitled to recover the statutory maximum of $1,000. Thus, removing any issues regarding the nature and persistence of the alleged violations and leaving only Plaintiff's claimed actual damages. Defendants believe that the amount of these damages rests solely on information entirely within the control of Plaintiff and should be readily ascertainable by him. Defendants request that a settlement conference be ordered in this case either before Judge Der-Yeghiayan or Magistrate Judge Brown.

14.     The parties do not unanimously consent to proceed before the Magistrate Judge.

                                            Respectfully Submitted,

                                            __/s/_Jason G. Shanfield_____
                                            Jason G. Shanfield, Counsel for Plaintiff

                                            Jason G. Shanfield (No. 6275896)
                                            SHANFIELD LAW FIRM, LTD.
                                            833 North Hoyne Ave.
                                            Chicago, Illinois 60622
                                            (312) 638-0819 (tel)
                                            (312) 638-9136 (fax)

       /s/ Stephen D. Vernon
Stephen D. Vernon, Counsel for Defendants

Stephen D. Vernon
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 (tel)

## CERTIFICATE OF SERVICE

      I, Jason G. Shanfield, the undersigned attorney, hereby certify that on the 2nd day of June, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David M. Schultz (dschultz@hinshawlaw.com)
Stephen D. Vernon (svernon@hinshawlaw.com)
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 (tel)

                                                   /s/ Jason G. Shanfield
                                              SHANFIELD LAW FIRM, LTD.
                                              833 North Hoyne Ave.
                                              Chicago, Illinois 60622
                                              (312) 638-0819 (tel)
                                              (312) 638-9136 (fax)
                                              jason@shanfieldlawfirm.com

6324874v1 889029