**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. JACKSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 1938 |
| | ) | |
| BLITT & GAINES, LPC, and CAVALRY | ) | |
| PORTFOLIO SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER & AFFIRMATIVE DEFENSES FOR BLITT & GAINES, P.C.**

NOW COMES Defendant, BLITT & GAINES, P.C. ("Blitt"), by its attorneys, David M. Schultz and Stephen D. Vernon, and for its Answer & Affirmative Defenses to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1.      This is an action to seek recovery for Defendants' efforts to collect a judgment they knew or should have known Plaintiff and his wife, Marie Jackson, already paid, through false pretenses by submitting an affidavit signed by an attorney employee of Blitt & Gaines making material misrepresentations of fact to a state court in order to cause it to issue an order garnishing Plaintiff's wages.

**ANSWER:     Blitt admits that Plaintiff's Complaint purports to seek recovery based on allegations summarized in Paragraph 1 of Plaintiff's Complaint.  In further answering, Blitt denies the allegations of Paragraph 1 of Plaintiff's Complaint and denies that Plaintiff  is entitled to any recovery.**

**PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff is an individual residing in Chicago, Illinois.

**ANSWER:     Blitt admits the allegations of Paragraph 2 of Plaintiff's Complaint.**

3.      Plaintiff is a consumer within the meaning of the FDCPA and the Illinois Collection Agency Act in that the alleged debt at issue was a line of credit obtained by Plaintiff and his wife for repairs to their former home.

**ANSWER:      Blitt is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff and his wife used the line of credit that made up their debt and are therefore without knowledge or information sufficient to form a belief as to whether Plaintiff is a consumer within the meaning of the FDCPA and Illinois Collection Agency Act.**

4.      Defendant Blitt & Gaines is an Illinois professional corporation that maintains a registered agent for purposes of accepting service of process at 318 West Adams Street, Chicago, Illinois.

**ANSWER:      Blitt admits the allegations of Paragraph 4 of Plaintiff's Complaint.**

5.      Defendant Blitt & Gaines is a debt collector within the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, primarily by filing collection suits in Illinois state court.

**ANSWER:      Blitt admits that it acts as a debt collector within the meaning of FDCPA in certain instances.    In further answering, Blitt is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector with respect to Plaintiff because Defendants are without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff and his wife used the underlying debt.**

6330338v1 889029

6.    Defendant Cavalry is a Delaware limited liability company that maintains an agent for purposes of accepting service of process at 208 South LaSalle Street, Suite 814, Chicago, Illinois.

**ANSWER:    Defendants admit the allegations of Paragraph 6 of Plaintiff's Complaint.**

7.    Defendant Cavalry is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and the Illinois Collection Agency Act because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and purchases debts in default for the purpose of collecting upon them.

**ANSWER:    Blitt admits that Cavalry acts as a debt collector within the meaning of FDCPA and Illinois Collection Agency Act in certain instances.  In further answering, Blitt is without knowledge or information sufficient to form a belief as to whether Cavalry acted as a debt collector with respect to Plaintiff because Blitt is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff and his wife used the underlying debt.**

8.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**ANSWER:    Blitt admits the allegations of Paragraph 8 of Plaintiff's Complaint.**

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

**ANSWER:    Blitt admits the allegations of Paragraph 9 of Plaintiff's Complaint.**

**MATTERS COMMON TO ALL CLAIMS**

**THE GREENTREE/CONSECO JUDGMENT**

3

10.    In the late-1980's, Mr. and Mrs. Jackson obtained a personal loan from Greentree Finance Company for approximately $9,000 for purposes of making repairs to their former home in Chicago. Greentree Finance Company later became known as Conseco Finance Company and is referred to as Conseco throughout this Complaint.

**ANSWER:    Blitt admits that Plaintiff and his wife obtained a personal loan from Greentree Finance Company for approximately $9,000 and that Greentree Finance Company later became known as Conseco Finance Company and admits that the alleged purpose for which Plaintiff and his wife obtained the line of credit that made up their debt was for making repairs to their home.**

11.    Financial circumstances beyond Mr. and Mrs. Jackson's control caused the Conseco loan to go into default at some point in the late 1990's.

**ANSWER:    Blitt admits that Plaintiff and his wife subsequently defaulted on their loan. In further answering, Blitt is without knowledge or information sufficient to form a belief as to the reason why Plaintiff and his wife defaulted on the loan.**

12.    On September 26, 2002, Conseco, as successor to Greentree Finance Company filed suit against Mr. and Mrs. Jackson in the Circuit Court of Cook County, Illinois, seeking $6,581.96. Conseco was initially represented by the Chicago law firm of Askounis and Borst, PC.

**ANSWER:    Blitt admits the allegations of Paragraph 12 of Plaintiff's Complaint.**

13.    Conseco obtained a judgment against Mr. and Mrs. Jackson for $6,581.96 on November 4, 2002. **Exhibit A**. The judgment order was prepared by Conseco's attorneys, Askounis & Borst, PC.

**ANSWER:    Blitt admits the allegations of Paragraph 13 of Plaintiff's Complaint.**

4

14.    On January 22, 2003, Conseco obtained from the Circuit Court of Cook County a Memorandum of Judgment. **Exhibit B**. The Memorandum of Judgment was also prepared by Conseco's attorneys, Askounis & Borst, PC.

**ANSWER:    Blitt admits the allegations of Paragraph 14 of Plaintiff's Complaint.**

15.    Conseco, through its attorneys, Askounis & Borst, recorded the Memorandum of Judgment with the Cook County Recorder of Deeds against Mr. and Mrs. Jackson on or about January 22, 2003.

**ANSWER:    Blitt is without knowledge or information sufficient to form a belief as to whether Conseco, through its attorneys, Askounis & Borst, recorded the Memorandum of Judgment with the Cook County Recorder of Deeds against Mr. and Mrs. Jackson on or about January 22, 2003 and affirmatively states that the Memorandum of Judgment attached to Plaintiff's Complaint does not have the stamp of the Cook County Recorder of Deeds on it.**

### PLAINTIFF AND HIS WIFE PAY THE CONSECO
### JUDGMENT IN FULL AND RECEIVE A SATISFACTION OF JUDGMENT

16.    In the first several months of 2005, Mr. and Mrs. Jackson determined to sell their prior home and move to another residence in Chicago.

**ANSWER:    Blitt is without knowledge or information sufficient to form a belief as to whether Plaintiff and his wife determined to sell their prior home and move to another residence in Chicago in the first several months of 2005.**

17.    In February 20005, Mr. and Mrs. Jackson paid $7,995.98 to Conseco in satisfaction of the judgment. **Exhibit C**. Conseco's attorneys, Askounis & Borst, prepared a

5

Release (Satisfaction) of Judgment, which was recorded with the Cook County Recorder of Deeds on February 24, 2005.

**ANSWER:    Blitt admits that a Release (Satisfaction) of Judgment was recorded with the Cook County Recorder of Deeds on February 24, 2005.  Blitt admits that Plaintiff and his wife paid $7,995.98 to Askounis & Borst in or around February of 2005 and that Askounis & Borst prepared a Release (Satisfaction) of Judgment.**

**BLITT & GAINES AND CAVALRY FILE A FRIVOLOUS LAWSUIT
AGAINST PLAINTIFF AND HIS WIFE AND ARE PUT ON ACTUAL NOTICE
THAT PLAINTIFF AND HIS WIFE PAID THE CONSECO JUDGMENT AND DEBT**

18.    Plaintiff is uncertain whether it was before or after Plaintiff and his wife paid Conseco on the judgment, but Conseco apparently sold the alleged Conseco debt to some Cavalry entity, likely Cavalry SPV II, LLC, prior to July 2005.

**ANSWER:    Blitt admits that Conseco sold its rights and interest to the judgment against Plaintiff and his wife to Cavalry SPV II, LLC prior to July 2005.**

19.    Cavalry SPV II, LLC's website indicates that it is a special purpose vehicle created by Cavalry Portfolio Services, LLC for the purpose of purchasing distressed debt that is then serviced by Cavalry Portfolio Services, LLC.

**ANSWER:    Blitt is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of Plaintiff's Complaint.**

20.    On July 26, 2005 Cavalry SPV II, LLC filed suit against Mr. and Mrs. Jackson in the Circuit Court of Cook County, Case Number 2005 M1 150555, seeking to collect from Mr. and Mrs. Jackson $8,403.77 allegedly due on the same debt for which Conseco obtained the judgment that Mr. and Mrs. Jackson fully satisfied in Case Number 2002 Ml 158419.

6

**ANSWER:    Blitt admits that on July 26, 2005 Cavalry SPV II, LLC filed suit against Plaintiff and his wife in the Circuit Court of Cook County, Case Number 2005 M1 150555, seeking to collect the debt which was the subject of the Conseco judgment.  In further answering, Blitt denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint.**

21.    Cavalry SPV II, LLC was represented in Case Number 2005 Ml 150555 by Blitt & Gaines.

**ANSWER:    Blitt admits the allegations of Paragraph 21 of Plaintiff's Complaint.**

22.    On January 18, 2006, Mr. and Mrs. Jackson appeared in Court and filed an answer averring that they already satisfied the judgment for the debt upon which Blitt & Gaines sought to collect in Case Number 2005 Ml 150555.

**ANSWER:    Blitt admits the allegations of Paragraph 22 of Plaintiff's Complaint.**

23.    On or about January 18, 2006, Mr. Jackson provided an attorney for Blitt & Gaines with a copy of the Release (Satisfaction) of Judgment he and his wife obtained in Case Number 2002 Ml 158419.

**ANSWER:    Blitt admits the allegations of Paragraph 23 of Plaintiff's Complaint.**

24.    On January 19, 2006, an attorney for Blitt & Gaines better known to Defendant caused Case Number 2005 Ml 150555 to be dismissed on the motion of Cavalry SPV II, LLC.

**ANSWER:    Blitt admits the allegations of Paragraph 24 of Plaintiff's Complaint.**

25.    Plaintiff does not presently seek to hold Blitt & Gaines or Cavalry liable for filing a frivolous lawsuit against him and his wife, Case Number 2005 Ml 150555, but refers to Case Number 2005 Ml 150555 to show that:

a.      Blitt & Gaines and Cavalry, as the "servicer" of the alleged debt upon which Cavalry SPV II, LLC sued in Case Number 2005 M1 150555 learned that Mr. and Mrs. Jackson paid the alleged Conseco Finance Company debt by the time Blitt & Gaines was engaged by Cavalry Portfolio Services, LLC to initiate frivolous garnishment proceedings against Plaintiff in Case Number 2002 M 1 158419 by filing a false Affidavit for Wage Deduction Order in that case (**Exhibit D**);

b.      Blitt & Gaines had no adequate procedure for determining whether a judgment was already entered and paid before initiating garnishment proceedings whether by checking its own files or the Recorder of Deeds.

**ANSWER:**   Blitt denies the allegations of Paragraph 25 of Plaintiff's Complaint, including subparts a-b.

### BLITT & GAINES SWEARS OUT A FALSE AFFIDAVIT TO GARNISH PLAINTIFF'S WAGES AFTER IT KNEW OR SHOULD HAVE KNOWN PLAINTIFF ALREADY PAID THE JUDGMENT

26.      On or about January 11, 2008, Blitt & Gaines, through its employee Vani Vedam, an attorney debt collector, caused garnishment proceedings to be initiated against Mr. Jackson in Case Number 2002 Ml 158419 by filing an Affidavit for Wage Deduction Order signed by Vani Vedam.  **Exhibit D**.

**ANSWER:**   Blitt admits the allegations of Paragraph 26 of Plaintiff's Complaint.

27.      The Affidavit for Wage Deduction Order prepared by Vani Vedam for Blitt & Gaines identified the new alleged plaintiff in Case Number 2002 M1 158419 as Cavalry Portfolio Services, LLC. The subsequent Wage Deduction Summons (**Exhibit E**) and Wage Deduction Notice (**Exhibit F**) also identified the new alleged plaintiff in Case Number 2002 M 1 158419 as Cavalry Portfolio Services, LLC.

8

**ANSWER:    Blitt admits the allegations of Paragraph 27 of Plaintiff's Complaint.**

28.    Cavalry was never granted leave to be substituted as party plaintiff in Case Number 2002 M1 158419, but on information and belief, does own the non-existent debt sued upon in 2005 Ml 150555 and upon which it and Blitt & Gaines caused Mr. Jackson's wages to be garnished in 2002 Ml 158419.

**ANSWER:    Blitt admits the allegations of Paragraph 28 of Plaintiff's Complaint.**

29.    Vani Vedam's affidavit, sworn under penalty of perjury, contains a number of false allegations including:

    a.    That interest of $3,036.45 was due on the judgment, even though the judgment was already paid; and

    b.    That Plaintiff paid $0 prior to garnishment.

**ANSWER:    Blitt denies the allegations of Paragraph 29 of Plaintiff's Complaint.**

30.    The nature of the misrepresentations contained in the affidavit reflects that Blitt & Gaines knew or should have known Plaintiff already paid the judgment in Case Number 2005 Ml 150555.

**ANSWER:    Blitt denies the allegations of Paragraph 30 of Plaintiff's Complaint.**

31.    Blitt & Gaines' conduct in initiating garnishment proceedings under these circumstances reflects that it continued to have no procedure in place to scrub its files for instances in which a judgment was already entered and paid whether by checking its own files or the Recorder of Deeds.

**ANSWER:    Blitt denies the allegations of Paragraph 31 of Plaintiff's Complaint.**

6330338v1 889029

32.     As a consequence of Blitt & Gaines and Cavalry's deceptive and unlawful garnishment proceedings against Plaintiff, a portion of Plaintiff's wages are presently being withheld.

**ANSWER:    Blitt denies the allegations of Paragraph 32 of Plaintiff's Complaint. In further answering, Blitt affirmatively states that any wages withheld have been returned to Plaintiff.**

33.     On February 7, 2008, the return date of the Wage Deduction Summons Blitt & Gaines and Cavalry sent to Plaintiff's employer, Plaintiff appeared in state court and presented the Court with a copy of the satisfaction of judgment, **Exhibit C**.

**ANSWER:    Blitt admits the allegations of Paragraph 33 of Plaintiff's Complaint.**

34.     Neither Blitt & Gaines nor any other attorneys appeared on behalf of Cavalry on February 7, 2008.

**ANSWER:    Blitt admits the allegations of Paragraph 34 of Plaintiff's Complaint.**

34.     Judge Donnelly was presiding in Room 1401 of the Daley Center, the room in which post judgment remedies are handled. On the basis of Plaintiff presenting a satisfaction of judgment showing that he already paid off the judgment on which Blitt & Gaines and Cavalry were attempting to garnish Plaintiff's wages, Judge Donnelly hand drafted and entered an order (a) dismissing the wage garnishment and (b) sua sponte setting the case over to March 13, 2008 for a hearing on Rule 137 sanction against Blitt & Gaines and Cavalry. **Exhibit G**.

**ANSWER:    Blitt admits the allegations of Paragraph 34 of Plaintiff's Complaint.**

35.     On March 13, 2008, neither Blitt & Gaines nor Cavalry appeared to respond to the Court's sua sponte motion for sanctions. The Court's sua sponte motion for sanctions was continued until April 3, 2008, at which time neither Blitt & Gaines nor Cavalry failed to appear

6330338v1 889029

yet again. The Court's sua sponte motion for Rule 137 sanctions is still pending as of the drafting of this Complaint.

**ANSWER:    Blitt admits that it did not appear on March 13, 2008 or April 3, 2008 court dates.  In further answering, Blitt denies that the motion for Rule 137 sanctions is still pending and affirmatively state that said motion has been denied.**

36.    By order of February 7, 2008 and March 13, 2008 (Exhibit H), Mr. Jackson's employer was ordered to immediately return all wages withheld. Notwithstanding, as of the drafting of this Complaint, those wages have not been returned.

**ANSWER:    Blitt admits that by order of February 7, 2008 and March 13, 2008, Plaintiff's employer was ordered to return all wages withheld.  In further answering, Blitt affirmatively states that any withheld wages have been returned to Plaintiff.**

37.    Were it not for Blitt & Gaines and Cavalry's unlawful conduct in swearing out a false garnishment affidavit and pursuing objectively frivolous garnishment proceedings, Mr. Jackson would not have been deprived of his wages in the first place.

**ANSWER:    Blitt denies the allegations of Paragraph 37 of Plaintiff's Complaint.**

38.    Blitt & Gaines is answerable for the conduct of Veni Vedam, who at all relevant times was acting within the scope of her employment for the benefit of Blitt & Gaines and Cavalry.

**ANSWER:    Blitt admits  the allegations of Paragraph 38 of Plaintiff's Complaint.**

39.    Cavalry is answerable for the conduct of Blitt & Gaines, which at all relevant times was acting within the scope of its agency for the benefit of Cavalry.

**ANSWER:    Blitt admits the allegations of Paragraph 39 of Plaintiff's Complaint.**

6330338v1 889029

## COUNT I — VIOLATION OF 15 U.S.C. & 1692, et seq.
### (against Blitt & Gaines)

40.     Plaintiff incorporates paragraphs 1 through 33.

**ANSWER:     Blitt incorporates its answers to paragraphs 1-33 of Plaintiffs' Complaint as though fully stated herein.**

41.     Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\* \* \***

**(2)  The false representation of**

  **(A)  the character, amount, or legal status of any debt; or**

**\* \* \***

**(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**ANSWER:     Blitt admits that Paragraph 41 of Plaintiff's Complaint paraphrases portions of the FDCPA.  In further answering, Blitt denies that it violated the FDCPA and denies Plaintiff is entitled to any recovery there under.**

42.     Blitt & Gaines engaged in deceptive conduct in violation of 15 U.S.C. §§ 1692e(2), e(5), and e(10) by employing deceptive means to collect a debt Plaintiff did not owe, specifically by:

  a.     Misrepresenting that Plaintiff and his wife owed money on the alleged debt;

  b.     Misrepresenting the legal status of the alleged debt as unpaid;

12

c.      Misrepresenting Calvary to be the Plaintiff in Case Number 2002 Ml 158419;

d.      Misrepresenting the legal status of the judgment in Case Number 2002 Ml 158419 as unpaid to Plaintiff, his wife, and his employer;

e.      Threatening to and actually continuing frivolous litigation calculated to obtain amounts Plaintiff and his wife did not owe; and

f.      Threatening to and actually causing Plaintiff's wages to be garnished by swearing out a false affidavit.

**ANSWER:    Blitt denies the allegations of paragraph 42 of Plaintiff's Complaint, including subparts a-f.**

43.      Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\* \* \*

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

\* \* \*

**ANSWER:     Blitt admits that Paragraph 43 of Plaintiff's Complaint paraphrases portions of the FDCPA.  In further answering, Blitt denies that it violated the FDCPA and denies Plaintiff is entitled to any recovery there under.**

44.      Blitt & Gaines violated 15 U.S.C. § 1692e(8) by communicating with Plaintiff's employer regarding his non-existent debt, which information Blitt & Gaines knew or should have known was false and disputed.

6330338v1 889029

**ANSWER:     Blitt denies the allegations of paragraph 44 of Plaintiff's Complaint.**

45.     Section 1692f of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**ANSWER:     Blitt denies that Paragraph 45 of Plaintiff's Complaint paraphrases portions of the FDCPA.  In further answering, Blitt denies that it violated the FDCPA and denies Plaintiff is entitled to any recovery there under.**

46.     Blitt & Gaines engaged in unfair conduct in violation of 15 U.S.C. § 1692f(l) by attempting to collect a debt Plaintiff did not owe under any agreement or as permitted by law.

**ANSWER:     Blitt denies the allegations of paragraph 46 of Plaintiff's Complaint.**

47.     Plaintiff has suffered emotional distress, aggravation, upset, and actual economic damages as a direct and proximate result of Blitt & Gaines' violations.

**ANSWER:     Blitt denies the allegations of paragraph 47 of Plaintiffs' Amended Complaint.**

## COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### (against Blitt & Gaines)

48.     Plaintiff incorporates paragraphs 1 through 33.

**ANSWER:     Blitt incorporates its answers to paragraphs 1-33 of Plaintiffs' Complaint as though fully stated herein.**

49.     Defendant Blitt & Gaines intentionally interfered with Plaintiff's solitude, seclusion, private affairs, and employment relationship by engaging in the highly offensive

14

conduct described above by initiating frivolous garnishment proceedings based on false affidavits and misrepresentations of fact, and communicating objective and unprivileged falsehoods to Plaintiff's employer in order to involuntarily deprive Plaintiff of his wages to pay a judgment that Blitt & Gaines knew or should have known was already paid and released.

> **ANSWER:    Blitt denies the allegations of paragraph 49 of Plaintiff's Complaint.**

50.    Plaintiff had a reasonable expectation to be free of Blitt & Gaines' highly offensive intrusion into his private affairs, solitude, seclusion, and relationship with his employer.

> **ANSWER:    Blitt denies the allegations of paragraph 50 of Plaintiff's Complaint.**

51.    A reasonable person in Plaintiff's position would find Blitt & Gaines' aggressive debt collection conduct in pursuing garnishment proceedings and swearing out a false affidavit where it knew or should have known that Plaintiff did not owe what it claimed to be highly offensive.

> **ANSWER:    Blitt denies the allegations of paragraph 51 of Plaintiff's Complaint.**

52.    A reasonable person in Plaintiff's position would find Blitt & Gaines' untoward interjection into his private affairs and relationship with his employer to be highly offensive.

> **ANSWER:    Blitt denies the allegations of paragraph 52 of Plaintiff's Complaint.**

53.    As a direct and proximate result of Blitt & Gaines' misconduct, Plaintiff has suffered a savage intrusion upon his personal seclusion, as well as emotional distress, aggravation, actual economic damages, and inconvenience.

> **ANSWER:    Blitt denies the allegations of paragraph 53 of Plaintiff's Complaint.**

### COUNT III — VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### (against Cavalry Portfolio Services, LLC)

15

54.     Plaintiff incorporates paragraphs 1 through 33.

**ANSWER:     Blitt states that no answer is required to Paragraph 54 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

55.     Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\* \* \***

**(2) The false representation of –**

**(A)  the character, amount, or legal status of any debt; or**

**\* \* \***

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**\* \* \***

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**ANSWER:     Blitt states that no answer is required to Paragraph 55 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

56.     Cavalry engaged in deceptive conduct in violation of 15 U.S.C. §§ 1692e(2), e(5), and e(10) by employing deceptive means to collect a debt Plaintiff did not owe, specifically by:

a.     Misrepresenting that Plaintiff and his wife owed money on the alleged debt;

b.     Misrepresenting the legal status of the alleged debt as unpaid;

16

c.     Misrepresenting itself to be the plaintiff in Case Number 2002 M1 158419;

d.     Misrepresenting the legal status of the judgment in Case Number 2002 Ml 158419 as unpaid to Plaintiff, his wife, and his employer;

e.     Threatening to and actually continuing frivolous litigation calculated to obtain amounts Plaintiff and his wife did not owe; and

f.     Threatening to and actually causing Plaintiff's wages to be garnished predicated on a false affidavit.

**ANSWER:**     **Blitt states that no answer is required to Paragraph 56 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

57.     Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\* \* \***

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**\* \* \***

**ANSWER:**     **Blitt states that no answer is required to Paragraph 57 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

6330338v1 889029

58.    Cavalry violated 15 U.S.C. § 1692e(8) by communicating with Plaintiff's employer regarding his non-existent debt, which information it and Blitt & Gaines knew or should have known was false and disputed.

**ANSWER:    Blitt states that no answer is required to Paragraph 58 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

59.    Section 1692f of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**ANSWER:    Blitt states that no answer is required to Paragraph 59 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

60.    Cavalry engaged in unfair conduct in violation of 15 U.S.C. § 1692f(l) by attempting to collect a debt Plaintiff did not owe under any agreement or as permitted by law.

**ANSWER:    Blitt states that no answer is required to Paragraph 60 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

61.    Plaintiff has suffered emotional distress, aggravation, upset, and actual economic damages as a direct and proximate result of Cavalry' violations.

**ANSWER:    Blitt states that no answer is required to Paragraph 61 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

### COUNT IV —ILLINOIS COLLECTION AGENCY ACT
**(against Cavalry Portfolio Services, LLC)**

62.    Plaintiff incorporates paragraphs 1 through 33.

**ANSWER:    Blitt states that no answer is required to Paragraph 62 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

63.    The Illinois Collection Agency Act, 225 ILCS § 425(9)(a), provides in relevant part:

**Sec. 9. (a) The Department may refuse to issue or renew, or may revoke, suspend, place on probation, reprimand or take other disciplinary action as the Department may deem proper, including fines not to exceed $5,000 for a first violation and not to exceed $10,000 for a second or subsequent violation, for any one or any combination of the following causes:**

**(1) Violations of this Act or of the rules promulgated hereunder.**

**\* \* \***

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

**(18) Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt.**

**\* \* \***

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**\* \* \***

6330338v1 889029

**(26) Misrepresenting the amount of the claim or debt alleged to be owed.**

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.**

**\* \* \***

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee.**

**\* \* \***

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

**ANSWER:    Blitt states that no answer is required to Paragraph 63 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

64.    Cavalry violated 225 ILCS § 425/9(a)(17) by disclosing the alleged debt to Plaintiff's employer having invoked the state court's jurisdiction under false pretenses and where Plaintiff's employer had no business need for Cavalry's false information.

**ANSWER:    Blitt states that no answer is required to Paragraph 64 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

65.    Cavalry violated 225 ILCS § 42519(a)(18) by disclosing the alleged debt to Plaintiff's employer without disclosing that it was reasonably disputed.

**ANSWER:**    Blitt states that no answer is required to Paragraph 65 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.

66.    Cavalry violated 225 ILCS § 425/9(a)(20) by threatening to and attempting to garnish Plaintiff's wages with knowledge and/or reason to know no such remedy existed.

**ANSWER:**    Blitt states that no answer is required to Paragraph 66 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.

67.    Cavalry violated 225 ILCS § 42519(a)(26) by misrepresenting that Mr. and Mrs. Jackson owed the alleged debt.

**ANSWER:**    Blitt states that no answer is required to Paragraph 67 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.

68.    Cavalry violated 225 ILCS § 425/9(a)(27) and (29) by misrepresenting that interest and costs were payable on a judgment that Plaintiff and his wife already paid.

**ANSWER:**    Blitt states that no answer is required to Paragraph 68 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.

69.    Cavalry violated 225 ILCS § 425/9(a)(31) by engaging in dishonorable, unethical, and unprofessional conduct likely to deceive, defraud, or harm the public.

**ANSWER:**    Blitt states that no answer is required to Paragraph 69 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.

6330338v1 889029

70.     The Illinois Collection Agency Act provides a private right of action for actual and punitive damages. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:     Blitt states that no answer is required to Paragraph 70 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

71.     As a direct and proximate result of Defendant Cavalry's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, actual economic damages, and inconvenience.

**ANSWER:     Blitt states that no answer is required to Paragraph 71 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

72.     Defendant Calvary's conduct in, among other things, initiating garnishment proceedings against Plaintiff under circumstances where it knew or should have known Plaintiff and his wife already paid the judgment, was committed willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

**ANSWER:     Blitt states that no answer is required to Paragraph 72 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC. To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

## COUNT V —ILLINOIS CONSUMER FRAUD ACT
### (against Cavalry Portfolio Services, LLC)

73.     Plaintiff incorporates paragraphs 1 through 33.

6330338v1 889029

**ANSWER:     Blitt states that no answer is required to Paragraph 73 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

74.     Defendant Cavalry's conduct in, among other things, willfully or recklessly ignoring that Plaintiff paid the Conseco judgment, initiating frivolous garnishment proceedings predicated on a false affidavit resulting in Plaintiff being deprived of his wages, communicating objectively false statements of fact to Plaintiff's employer, constitutes deceptive and unfair acts or practices in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/2, et seq.

**ANSWER:     Blitt states that no answer is required to Paragraph 74 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

75.     Cavalry intended that Plaintiff would rely on its deceptive conduct by being cowed and induced into allowing Cavalry through to take his wages to satisfy a judgment he already paid through the force of judicial proceedings invoked under false pretenses.

**ANSWER:     Blitt states that no answer is required to Paragraph 75 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

76.     Cavalry's conduct occurred in the course of trade and commerce, namely its attempts to collect an alleged consumer debt.

**ANSWER:     Blitt states that no answer is required to Paragraph 76 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

6330338v1 889029

77.    Cavalry's conduct, as stated above, also constitutes unfair conduct in violation of the ICFA in that:

a.    All of the above described conduct offends the public policy of the United States as stated in the Fair Debt Collection Practices Act, and the public policy of the State of Illinois as stated in the Illinois Collection Agency Act, and the common law against engaging in such conduct;

b.    Such conduct is immoral, unethical, oppressive, and unscrupulous; and

c.    Such conduct caused Plaintiff substantial injury, including emotional distress, aggravation, upset, and actual economic damages, and is of the kind of conduct that causes substantial injury to consumers in general.

**ANSWER:    Blitt states that no answer is required to Paragraph 77 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

78.    As a direct and proximate result of Defendant Cavalry's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, actual economic damages, and inconvenience.

**ANSWER:    Blitt states that no answer is required to Paragraph 78 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

79.    Cavalry's conduct toward Plaintiff was committed willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

6330338v1 889029

**ANSWER:**    Blitt states that no answer is required to Paragraph 79 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.

### COUNT VI — INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### (against Cavalry Portfolio Services, LLC)

80.     Plaintiff incorporates paragraphs 1 through 33.

**ANSWER:**    Blitt states that no answer is required to Paragraph 80 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.

81.     Defendant Cavalry intentionally interfered with Plaintiffs solitude, seclusion, private affairs, and employment relationship by engaging in the highly offensive conduct described above by initiating frivolous garnishment proceedings based on false affidavits and misrepresentations of fact, and communicating objective and unprivileged falsehoods to Plaintiff's employer in order to involuntarily deprive Plaintiff of his wages to pay a judgment that Cavalry knew or should have known was already paid and released.

**ANSWER:**    Blitt states that no answer is required to Paragraph 81 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.

82.     Plaintiff had a reasonable expectation to be free of Cavalry's highly offensive intrusion into his private affairs, solitude, seclusion, and relationship with his employer.

**ANSWER:**    Blitt states that no answer is required to Paragraph 82 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.

6330338v1 889029

83.     A reasonable person in Plaintiffs position would find Cavalry's aggressive debt collection conduct in pursuing garnishment proceedings and swearing out a false affidavit where it knew or should have known Plaintiff did not owe what it claimed to be highly offensive.

**ANSWER:**     **Blitt states that no answer is required to Paragraph 83 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

84.     A reasonable person in Plaintiffs position would find Cavalry's untoward interjection into his private affairs and relationship with his employer to be highly offensive.

**ANSWER:**     **Blitt states that no answer is required to Paragraph 84 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

85.     As a direct and proximate result of Cavalry's misconduct, Plaintiff has suffered a savage intrusion upon his personal seclusion, as well as emotional distress, aggravation, and inconvenience.

**ANSWER:**     **Blitt states that no answer is required to Paragraph 85 of Plaintiff's Complaint as that Paragraph is directed at Defendant Cavalry Portfolio Services, LLC.  To the extent an answer is required, Blitt denies the allegations of that Paragraph.**

## AFFIRMATIVE DEFENSES

1.     Blitt states that any violation of the FDCPA, which they deny occurred, was unintentional, and incurred in spite of procedures reasonably adapted to avoid such error.

2.     Blitt states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

6330338v1 889029

3.      Blitt states that the Plaintiff's claims may be barred by the *res judicata* or *collateral estoppel.*

4.      Blitt states that the Plaintiff's claims may be barred by the statute of limitations.

5.      Blitt states that the Plaintiff's claims may be barred by the litigation privilege.

6.      Blitt states that the Plaintiff's alleged damages were caused by the acts of third-parties rather than Defendants and that Plaintiff has failed to join said third parties in the present action.

                                        Respectfully submitted


                                By:  *s/Stephen D. Vernon*_____
                                     One of the Attorneys for Defendants

David M. Schultz
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile

6330338v1 889029

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify that I filed BLITT & GAINES, P.C.'S ANSWER & AFFIRMATIVE DEFENSES through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record on June 16, 2008.

By: s/*Stephen D. Vernon*

6330338v1 889029